LUCRETIA HOWELL, Respondent, v. THE CITY OF INDEPENDENCE, Appellant.

Kansas City Court of Appeals, November 9, 1896.

1. **Instructions:** EVIDENCE: ASSUMPTION. An instruction is *held* to have sufficient evidence to support it and not to assume the fact in issue.

2. **Damages:** LOSS OF TIME: PLEADING: INSTRUCTION. An instruction in relation to the recovery of damages for the loss of time is *held* proper in this case, though loss of time was not pleaded in terms, since evidence without objection went to the jury on that issue.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*B. A. Bartlett* for appellant.

(1) Instruction number 4 for plaintiff is believed to be improper for two reasons. It states a mere

abstract proposition of law. *Railroad v. Railroad*, 118 Mo. 625; *Fairgrieve v. Moberly*, 29 Mo. App. 141; *Schroeder v. Mason*, 25 Mo. App. 190; *Haegele v. Stone Co.*, 29 Mo. App. 486; *Zwisler v. Storts*, 30 Mo. App. 164; *Arnold v. Ins. Co.*, 55 Mo. App. 149; *Voegeli v. Marble and Granite Co.*, 49 Mo. App. 643. It assumes a fact in controversy; namely, that there was a dangerous hole and obstruction. *Wilkerson v. Eilers*, 114 Mo. 245; *Harrison v. White*, 56 Mo. App. 175. Such an assumption is fatal to an instruction. *Dulaney v. St. L. Sug. Ref. Co.*, 42 Mo. App. 659; *Merriweather v. Railroad*, 45 Mo. App. 528. (2) Instruction number 6 for plaintiff incorrectly states the measure of plaintiff's damages. It states that the jury may compensate her for "loss of time," etc. Plaintiff pleaded no special damages. "Special damages must be pleaded." *Barrett v. Telegraph Co.*, 42 Mo. App. 542; see p. 550; *Coontz v. Railroad*, 115 Mo. 669; *Slaughter v. Railroad*, 116 Mo. 269; *Arnett v. Railroad*, 64 Mo. App. 368; *Boggess v. Railroad*, 118 Mo. 328.

*Cunningham & Dryden* and *John N. Southern* for respondent.

(1) Plaintiff's instruction number 4, complained of by defendant, when read in connection with the other instructions, is not a mere abstract proposition of law, but is a declaration of an undisputed principle of law as applicable to the case at bar. *McGrew v. Railroad*, 109 Mo. 582; *Dodds v. Estill*, 32 Mo. App. 47; *Porter v. Harrison*, 52 Mo. 524; *State v. Holme*, 54 Mo. 153; *Karle v. Railroad*, 55 Mo. 476; *Myers v. Railroad*, 59 Mo. 223; *Spillane v. Railroad*, 111 Mo. 555; *Minter v. Hardware Co.*, 50 Mo. App. 177. (2) If, as a matter of fact, loss of time as a measure of damages was not pleaded in the petition, and evidence of loss of time

was admitted upon the trial without objection from the defendant, such defect was thereby waived and the objection is not available in this court. *Hardwick v. Cox*, 50 Mo. App. 509; *Mellor v. Railroad*, 105 Mo. 455. For fuller discussion of *Mellor v. Railroad*, see 16 S. W. Rep. 849 to 853; *Lowe v. Railroad*, 57 Mo. App. 356; *Murray v. Railroad*, 101 Mo. 236; *Bartley v. Trorlicht*, 49 Mo. App. 214, see p. 221.

ELLISON, J.—This action was instituted by plaintiff for the purposes of recovering damages which she alleged she sustained as the result of injuries received while passing over defendant's streets after dark. The judgment below was for plaintiff, and defendant seeks its reversal on account of certain alleged errors in the instructions given by the court at plaintiff's instance.

The objection made to instruction 4 is that it is a mere abstract proposition of law. Without setting the instruction out it is sufficient to say that when it is read in connection with the evidence to which it was intended to apply we are satisfied the objection is not well taken.

The further objection is made to this instruction that it assumes there was a dangerous opening left in the street. This objection is also not well grounded. The dangerous opening referred to was put to the jury with the word "if" it became necessary in working upon the street to leave openings, there should be warnings placed for the protection of those passing by.

The only objection presented here to the court's action on instructions, which has given us any trouble in arriving at a conclusion, relates to number 6 given for plaintiff. The jury are therein authorized by the court to allow to plaintiff as a part of her damages loss of time, when loss of time was not pleaded in terms. Assuming defendant's contention that the loss was not sufficiently pleaded, yet since evidence on this head

was received without objection from defendant, and the issue thereby, in point of fact, being placed before the jury, we deem the objection so far as being based on the petition to be not well taken.   But it is a further contention on defendant's part that· there was no evidence concerning the loss of time.   An examination of the record has led us to the conclusion that such evidence was adduced.   The plaintiff herself testified that she was disabled so as to prevent her from doing the work she had theretofore done, or any other work. It is true that in no one portion of the testimony does it appear for what *length* of time she was disabled from performing work, but there was sufficient in the whole evidence, we think, for the jury to base an estimate, especially in view of the fact that no objection was made as to this in the reception of testimony.

As to the amount of damages allowed we are of the opinion that if the evidence for plaintiff is to be relied upon it makes out a case sufficiently strong to support the verdict.   There were some other minor objections made, but we think these not of sufficient importance to justify our interference and we therefore affirm the judgment.   SMITH, P. J., concurs. GILL, J., not sitting.